**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**EMILIO TORRES,** an individual,

    Plaintiff,　　　　　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　　　　　Hon.
v.

**VITALE'S ITALIAN RESTAURANT, INC.,**
a Michigan Corporation, d/b/a **VITALE'S GRAND RAPIDS**
and **SALVATORE VITALE,**
an individual,

    Defendants.

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

**There is a pending civil action in this Court arising out of the
transaction or occurrence alleged in the complaint. Case No. 1:18-cv-00547.**

1. This is a civil action brought by Plaintiff, Emilio Torres, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. for Defendants' retaliation in response to Plaintiff complaining of Defendants' pay practices regarding the overtime premium for all hours he worked in excess of forty hours per workweek to which he was entitled to under the FLSA.

2. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, compensatory damages, exemplary damages, punitive damages and an award of attorney's fees and costs to make him whole for the damages suffered.

## JURISDICTION & VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. Defendants' employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

5. At all material times, Defendants have been an enterprise in commerce or is in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

6. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

7. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District Michigan.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

9. Plaintiff Emilio Torres is a resident of the County of Kent, state of Michigan, and whose consent to sue is attached as *Exhibit A*.

10. Defendant Vitale's Italian Restaurant, Inc., (hereinafter referred to as "Vitale's") is a Michigan Corporation whose principal place of business is located at 834 Leonard N.E. Grand Rapids, Michigan 49503. *Exhibit B*.

11. Defendant Salvatore Vitale owns and operates Defendant Vitale's since at least 1987.

12. Defendant Vitale's Italian Restaurant, Inc. is an Italian restaurant serving pizza, pasta, and other such italian cuisine and is a "place for dinner, viewing sports, or your favorite takeout!" *See* http://www.theoriginalvitales.com/ last visited September 17, 2018.

13. Defendant Salvatore Vitale is the owner of Defendant Vitale's Italian Restaurant, Inc and is responsible for the day to day operations of Defendant Vitale's.

## GENERAL ALLEGATIONS

14. Plaintiff worked at Defendant Vitale's Italian Restaurant, Inc. and worked for Defendant Salvatore Vitale from March 2017 to May 7, 2018.

15. Plaintiff was hired to work for the Defendants in the kitchen.

16. Plaintiff would prepare food, plate food, run the dishwasher, prep cook, janitorial work, cleaned floors and walls, and performed maintenance of kitchen equipment among other duties.

17. Plaintiff was employed to perform general labor in the restaurants for the Defendants.

18. Plaintiff would work first shift and second shift from 8:00 AM to 9:00 PM or 10:00 PM.

19. Plaintiff would sometimes arrive at 7:30 AM due to heavy workload.

20. Defendants were fully aware that Plaintiff arrived prior to the start of his shift.

21. Plaintiff would work Monday through Saturday and would work around 75 hours per week.

22. Plaintiff would be compensated to the amount of $15 per hour, straight time via check for all hours worked under forty (40).

23. Plaintiff would be paid straight time for hours worked over forty (40) hours straight time via cash.

24. Plaintiff had two different time cards he was required to use to track his hours worked. Plaintiff was required to punch 40 hours on one time card and any hours worked in excess of those forty (40) hours over forty on the other time card.

25. Defendant Salvatore Vitale was responsible for the day to day operation of the Vitale's Italian Restaurant, Inc., was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiff.

26. Defendant Salvatore hired and fired the Plaintiff as well as was responsible for the hiring, disciplining and termination of all other employees.

27. Defendant Salvatore set the wage rates for the Plaintiff.

28. Defendant Salvatore made decisions regarding how and when Plaintiff was compensated including whether or not to pay the required overtime premium for all hours worked over 40 hours per week.

29. Defendant Salvatore supervised Plaintiff.

30. Defendant Salvatore gave instructions and direction to the Plaintiff.

31. Defendant Salvatore was fully aware of the hours worked by Plaintiff.

32. On March 28, 2018, a customer at the restaurant had a heated discussion with Defendant Salvatore which resulted in the customer making a threat to report Defendant Salvatore to the IRS for his failure to pay overtime and for payment of wages in cash.

33. Defendant Salvatore and Manager Belinda Pierson made immediate changes to their implementation of the two timecard system as a result of the customer's threat.

34. Defendant Salvatore and Manager Pierson instructed Plaintiff and the other employees to take their second timecards home with them and to not leave those second time cards at the restaurant because of the customer's threats.

35. Defendants Salvatore and Manager Pierson further instructed Plaintiff and other employees to turn their timecards to Manager Pierson at her home on Sundays so she could calculate the wages due from home.

36. Defendant Salvatore specifically told Plaintiff that these changes were due to the customer's threats of reporting the Defendants to the IRS.

37. As a result of this incident, Plaintiff began to question the use of the two timecard system as well as the policy of non-payment of overtime and cash payments.

38. Plaintiff asked Defendant Salvatore why they could not just use one timecard to track all hours worked in a week.

39. Defendant Salvatore told him not to worry about it.

40. From the customer's threats up until his termination, Plaintiff would frequently question Defendant Salvatore about the two-timecard system and the fact that he was not paid an overtime rate.

41. Plaintiff would question Defendant Salvatore about once a week regarding the same issue.

42. Plaintiff would also question the practice of the manager Pierson collecting tips on a daily basis and holding them for six months and not distributing the proper amounts as agreed.

43. Defendant Salvatore would often ignore Plaintiff's questioning.

44. On May 4, 2018, Plaintiff once more questioned Defendant Salvatore regarding the same matters.

45. Plaintiff asked Defendant why the employees could not just track all hours worked on one timecard and have Defendants pay overtime for hours worked in excess of forty (40) in a work week.

46. Plaintiff also complained about not getting paid the proper amounts from the tip pool by Manager Pierson.

47. Defendant Salvatore told him he would not change the two time card system and that he was not going to pay overtime.

48. Defendant Salvatore once again failed to address the issues with the tip pool distribution.

49. Once Plaintiff returned to work on May 7, 2018, he was immediately fired.

50. Angelo Pichoni, a takeout supervisor, per Defendant Salvatore's instruction, told Plaintiff to hand over the keys and that he no longer had a job.

## **WILLFUL VIOLATION OF FLSA**

51. Termination of Plaintiff's employment was an attempt by Defendants to subvert its obligations under state and federal wage law as well as to punish him for questioning their lack of paying overtime premiums.

52. Defendants willfully terminated Plaintiff in retaliation of Plaintiff complaining to Defendant Salvatore about his right to receive an overtime premium for all hours worked in excess of forty hours in a work week.

53. Defendants knew or should have known that terminating Plaintiff in retaliation was a violation of the FLSA.  29 U.S.C.A. § 215(a)(3).

54. The FLSA, 29 U.S.C. § 216(a), provides that as a remedy for a violation of the retaliation provision of the FLSA, such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, punitive, and any emotional pain and suffering endured by the Plaintiff due to the retaliatory termination.

**DEFENDANTS' RETALIATION**

55. Defendants terminated Plaintiff's employment in direct retaliation of Plaintiff inquiring and complaining about Defendants' pay practices.

56. Plaintiff's work habits had not changed; there were no occurrences that would give Defendants cause to fire Plaintiff.

57. Plaintiff was not given a reason for his termination.

58. Plaintiff was fired for the sole reason of inquiring about Defendants' pay practices.

59. Plaintiff suffered adverse employment action in the form of termination by Defendants.

60. After the termination, Plaintiff applied for unemployment benefits and was surprised to find out that the Defendants had challenged his receipt of benefits.

61. Defendants claimed in their response to his request for unemployment benefits that he had voluntarily quit his employment.

62. The Michigan Unemployment Insurance Agency determined that Plaintiff had in fact been terminated and awarded him benefits.

63. Defendants' false statements to the Michigan Unemployment Insurance Agency were further acts of retaliation against Plaintiff.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)**

**DEFENDANTS' UNLAWFUL RETALIATION**

64. Plaintiff realleges and incorporates all previous paragraphs.

65. Defendant Salvatore, an agent acting on his own behalf and on behalf of the Defendant Defendant Vitale's, terminated Plaintiff's employment and has taken action in retaliation of Plaintiff complaining about Defendants' pay practice of not paying an overtime premium.

66. Defendant Salvatore ordered the termination of Plaintiff's employment was due to his complaining about his right to receive an overtime premium.

67. Defendant Salvatore's termination of employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

68. Defendants knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiff of his rights.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

B. An Order declaring Defendants unlawfully retaliated against Plaintiff;

C. Defendants be ordered to pay Plaintiff an amount greater than $75,000 for violating FLSA's retaliation provision;

D. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

E. Punitive and exemplary damages that commensurate the wrong against Plaintiff; and

F. An Order awarding such other and further relief as this Court deems appropriate.

**JURY DEMAND**

NOW COMES Plaintiff, by and through their attorney, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 17, 2018                              Respectfully Submitted,

<i>/s/   Robert Anthony Alvarez</i>         .<br>
Robert Anthony Alvarez (P66954)<br>
Attorney for Plaintiff<br>
Avanti Law Group. PLLC<br>
600 28th Street SW<br>
Wyoming, MI 49509<br>
(616) 257-6807<br>
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: _Emilio Torres_
      _09-11-18_

_____
Emilio Torres